**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

Integrity Coal Sales, Inc.,

       Plaintiff,

v.

Algoma Steel Inc.,

       Defendant.

Civil Action No. 5:25-cv-00602
JUDGE FRANK W. VOLK
MAGISTRATE JUDGE OMAR J. ABOULHOSN

**<u>PROTECTIVE ORDER</u>**

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

**I.      DISCOVERY PHASE**

      A.      If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY.**" The individual or entity designating the document or materials as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY**" must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY,**"

the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY.**"

B.    If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY,**" the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY**" designation shall do so by filing an appropriate motion.

C.    No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY,**" or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D.    (1)  Any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, at any deposition taken in this action.

(2)  Any document or other material which is marked "'**CONFIDENTIAL ATTORNEYS EYES ONLY,**" or the contents thereof, may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) two (2) in-house counsel who are

identified by the receiving party; (b) outside counsel for the receiving party; (c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks and legal clerks; (d) experts or consultants; (e) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (f) the author or recipient of the document or material; and (g) the Court and its personnel.

E.     If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY,**" or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1.     Provide a copy of this Protective Order to the person to whom disclosure is made;
2.     Inform the person to whom disclosure is made that s/he is bound by this Protective Order;
3.     Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;
4.     Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY**" at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY**" material; and
5.     Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY**" materials which were disclosed to that person.

## II.     POST-DISCOVERY PHASE

A.     If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of

continued confidentiality by either (a) removing the "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent. *See, e.g.*, *Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 8–9 (1986); *Virginia Dep't. of State Police v. Washington Post*, 386 F. 3d 567, 575 (4th Cir. 2004).

B.      Within thirty days after the conclusion of the action, each party shall gather the "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY**" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY,**" so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents. Any such work product retained by an attorney shall continue

to be "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS EYES ONLY**" and shall be subject to this protective order. The attorney may use his or her work product in other litigation provided that the attorney does not use or disclose the confidential documents.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

ENTER:        _____

_____
United States District Judge

PARTIES AND COUNSEL:

INTEGRITY COAL SALES, INC.,

By:        _____/s/ Patrick C. Timony_____
Its counsel

Patrick C. Timony (WVSB #11717)
Bowles Rice LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
(304) 347-1100
Fax: (304) 347-1756
ptimony@bowlesrice.com

Thomas M. Farrell Texas Bar No. 06839250
tfarrell@mcguirewoods.com
845 Texas Ave., Suite 2400
Houston, TX 77002
Telephone:(713) 353-6677
Facsimile: (832) 214-9933
(*Visiting Attorney Statement filed*)

ALGOMA STEEL INC.,

BY: _____/s/ Jeffrey A. Holmstrand_____
Its counsel

Jeffrey A. Holmstrand (#4893)
GROVE HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, West Virginia  26003
304-905-1961 (main)
304-454-6500 (direct)
jholmstrand@ghdlawfirm.com

Kip T. Bollin (*Visiting Attorney Statement filed*)
*Kip.Bollin@ThompsonHine.com*
Jennifer S. Roach (*Visiting Attorney Statement filed*)
*Jennifer.Roach@ThompsonHine.com*
Caitlin R. Thomas (*Visiting Attorney Statement filed*)
*Caitlin.Thomas@ThompsonHine.com*
Koko Etokebe  (*Visiting Attorney Statement filed*)
*Koko.Etokebe@ThompsonHine.com*
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566-5500
Fax: (216) 566-5800